# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ANTONIO HENDERSON,**

      **Plaintiff,**

                      **Civil Action 2:24-cv-2006**
     **v.**                   **Chief Judge Sarah D. Morrison**
                      **Magistrate Judge Elizabeth P. Deavers**

**MIKE DEWINE,** *et al.***,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Amended Complaint (ECF No. 159) and a Report and Recommendation.

## ORDER

On June 6, 2024, Plaintiff filed an Amended Complaint.  (ECF No. 159.)  The Court **STRIKES** Plaintiff's filing (ECF No. 159) for failure to seek leave of Court as required by Federal Rule of Civil Procedure 15(a)(2).

## REPORT AND RECOMMENDATION

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as

a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

When contemplating dismissal under Rule 41(b), a court must consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citation omitted). "Although typically none of the factors [are] outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Edwards v. Restored Holdings, L.L.C.*, No. 1:23-CV-1042, 2024 WL 3541559, at *2 (W.D. Mich. July 1, 2024), *report and recommendation adopted sub nom. Edwards v. Restored Holdings, LLC*, No. 1:23-CV-1042, 2024 WL 3540255 (W.D. Mich. July 25, 2024).

On May 9, 2024, the Court directed Plaintiff to file the appropriate forms with the Court to allow the United States Marshal to effectuate service. (ECF No. 154.) The Court identified which forms Plaintiff must file. (*Id.*) Plaintiff did not comply with the Court's May 9, 2024 Order. On May 15, 2024, the Court informed Plaintiff that his Notice (ECF No. 155) was deficient, specified which documents Plaintiff must file to effectuate service, and directed him to timely file the appropriate documents. (ECF No. 158.) Plaintiff also failed to comply with the Court's Orders regarding his Motions for Appointment of Counsel and discovery requests. (ECF Nos. 158, 162, 167.)

Plaintiff has again failed to comply with the Court's Orders. Plaintiff's Request for Issuance of Summons as to David Gray and Joseph Murphy (ECF 160) and Notice Directing Plaintiff Complaint be Served (ECF No. 166) are deficient. To date, Plaintiff has failed to

effectuate service on the remaining Defendants as is required by Federal Rule of Civil Procedure 4(m).

It is evident from the facts enumerated above that Plaintiff's failure to comply with the Court's numerous Orders and failure to effectuate service, despite being explicitly instructed on how to properly effectuate service several times, is willful.  Given Plaintiff's disregard for the Court's Orders to date, it is unlikely that any lesser sanctions would be effective.

Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED with prejudice**.  The Undersigned **RECOMMENDS** that the Interested Party of Ohio's Motion to Dismiss (ECF No. 163) be **DENIED as moot**.  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties its objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

3

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

**Date: November 5, 2024**                    /s/ *Elizabeth A. Preston Deavers*
                                                        **ELIZABETH A. PRESTON DEAVERS**
                                                        **UNITED STATES MAGISTRATE JUDGE**